IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00377-GPG

MICHAEL A. COLLINS,

    Plaintiffs,

v.

CFAM FINANCIAL SERVICES, LLC, a.k.a. CONSUMER FINANCE ASSET
    MANAGEMENT, LLC, Jointly and Severally liable,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff Michael A. Collins resides in Aurora, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff has been granted leave to proceed without prepayment of fees or costs.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

Plaintiff first asserts that this is an action for damages against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, the Colorado Consumer Protection Act (CPPA), Colo. Rev. Stat. § 6-1-101 *et seq.*, and various state laws.

A review of the body of the Complaint, however indicates that in actuality Plaintiff is challenging the disposition of State of Colorado Case No. 10CV1307.   Plaintiff contends that counsel for CFAM interfered with the state "court's ability to adjudicate the prior lawsuit in Case No. 10-CV-1307 fairly and impartially, by improperly influencing the court's decision with the fraudulent affidavit of Mr. Leonard, thereby, perpetrating fraud on the court."   ECF No. 1 at 6, ¶ 22.   Plaintiff further contends the state court granted CFAM's motion for summary judgment and dismissed the action based on the fraudulent sworn affidavit submitted by Mr. Leonard, "the company's Portfolio Manager, that CFAM is in the business of purchasing charged-off motor vehicle loans and attempting to recover the collateral, and does not attempt to collect the unpaid balance.   *Id.* at 5, ¶ 19.

Plaintiff also argues in the Complaint that the decision in 10-CV-1307 is subject to review pursuant to Fed. R. Civ. P. 60(d)(1)(3), apparently by this Court.   *Id.* at 7.   Plaintiff seeks declaratory relief.   He asks that this Court find CFAM's conduct violated the FDCPA and it perpetrated fraud on the state court.   *Id.* at 20.   Plaintiff also seeks damages.

In Case No. 10-CV-1037 Plaintiff raised the same federal claims that he asserts in this action against the same defendant regarding the same acts and transactions, ECF No. 1-1 at 6-30, Exhibit No. 6, and the state court addressed these claims in its dismissal order, *id.* at 35-47, Exhibit No. 7.

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.   See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486

(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the

decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

For Plaintiff to prevail on his claims in this action, this Court would have to review and reject the state court findings. *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). Plaintiff's claims, therefore, are clearly within the scope of the *Rooker-Feldman* doctrine.

The Court, however, acknowledges Plaintiff's fraud on the state court claim regarding CFAM's alleged use of their employee's affidavit to demonstrate that they are not a debt collector. It is true that new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts. *See Tal v. Hogan*, 453 F.3d 1244, (10th Cir. 2006) (citing *Rooker*, 263 U.S. at 415).

For the reasons stated above, the Court will dismiss this action for lack of subject matter jurisdiction. When a case is dismissed for lack of jurisdiction, the dismissal must be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.   It is

FURTHER ORDERED that Plaintiff's Motion for Leave to Restrict, ECF No. 3, is granted, and ECF No 4, shall remain restricted.

DATED at Denver, Colorado, this   18th   day of   March  , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court