IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00377-LTB

MICHAEL A.COLLINS,

    Plaintiff,

v.

CFAM FINANCIAL SERVICES, LLC, a/k/a CONSUMER FINANCE ASSET
    MANAGEMENT, LLC, Jointly and Severally Liable,

    Defendant.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

The matter before the Court is Plaintiff's Motion to Alter or Amend Judgment, ECF No. 10. The Court must construe the Motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the request for relief pursuant to Rule 59(e) because it was filed within twenty-eight days after this action was dismissed and judgment was entered on March

18, 2016.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

For the same reasons stated in the March 18, 2016 Order of Dismissal, the Court will deny Plaintiff's request for relief from judgment.  Plaintiff requested in his Complaint in this case that this Court vacate and set aside the state court's ruling that granted CFAM summary judgment in Colorado state court No. 10-CV-1307.  Compl., ECF no. 1 at 18. Plaintiff argues this ruling was based on fraudulent testimony by a CFAM representative, who claimed that CFAM is not a debt collector.  ECF No. 1 at 4.  Plaintiff argues his fraud claim is subject to review by this Court pursuant to Fed. R. Civ. P. 60 as an independent claim, whether it is intrinsic or extrinsic.  ECF No. 1 at 7; ECF No. 10.

The appropriate question, however, is whether these claims may have been brought in federal court without respect to what occurred in the state court.  *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006).  In other words, if the claims do not require an "appellate-type" review of the state court proceedings or judgment, then *Rooker–Feldman* does not apply.  *See id.*  Plaintiff claims he has been injured by the state court's ruling and asks this Court to vacate and set aside the ruling.  Because a

review of the state court ruling would be required to grant the relief Plaintiff seeks, this action is barred by *Rooker-Feldman*.  Accordingly, it is

ORDERED that Plaintiff's Motion to Alter or Amend Judgment, ECF No. 10, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  18th   day of    April         , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court